UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROBERT ANDREW REED,

    Petitioner,

v.                           Civil Action No. 10 0807

SIMON WAINWRIGHT,

    Respondent.

**FILED MAY 17 2010** — Clerk, U.S. District & Bankruptcy Courts for the District of Columbia

## MEMORANDUM OPINION

This matter comes before the Court on petitioner's application to proceed *in forma pauperis* and *pro se* petition for a writ of habeas corpus.

Petitioner currently is detained at the D.C. Jail pending sentencing in a criminal case before the Superior Court of the District of Columbia.[1] In this action, petitioner challenges the subject matter jurisdiction of the Superior Court on the ground that he is not a United States citizen subject to its laws. The petition will be denied.

This Court not only lacks the authority to overturn a decision of a Superior Court judge, but also refrains from interfering with ongoing Superior Court proceedings. *See Younger v. Harris*, 401 U.S. 37, 45 (1971) ("[T]he normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions."); *Gray v. Poole*, 275 F.3d 1113, 1119 (D.C. Cir. 2002) (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923)) ("The *Rooker-Feldman*

---

[1] Review of Superior Court public records (https://www.dccourts.gov/pa/), Crim. No. 2009-CF1-015815, reflects that a jury found petitioner guilty of unspecified offenses, and sentencing is set for May 21, 2010.

1

doctrine prevents lower federal courts from hearing cases that amount to the functional equivalent of an appeal from a state court."). Moreover, petitioner's challenge to his conviction and upcoming sentence properly is brought by motion in the Superior Court under D.C. Code § 23-110, not by habeas petition in this federal district court. "[A] District of Columbia prisoner has no recourse to a federal judicial forum unless the local remedy is 'inadequate or ineffective to test the legality of his detention'" *Byrd v. Henderson*, 119 F.3d 34, 36-37 (D.C. Cir. 1997) (internal footnote omitted); *Garris v. Lindsay*, 794 F.2d 722, 726 (D.C. Cir.), *cert. denied*, 479 U.S. 993 (1986).

An Order is issued separately.

/s/ Ellen S. Huck
United States District Judge

Date: 5/7/10